WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeanette Andasola, | No. CV 12-02467-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Capital One Bank NA; and Quality Loan Service Corporation, | |
| Defendants. | |

Pending before the Court are: (1) Defendant Capital One National Association's Motion to Dismiss (Doc. 7); (2) Plaintiff's Motion to Amend/Correct (Doc. 10); (3) Defendant Capital One National Association's Motion to Strike Plaintiff's Sur-Reply (Doc. 19); and (4) Defendant Quality Loan Service Corporation's Motion to Dismiss (Doc. 20). The Court now rules on the Motions.

**I.     BACKGROUND**

On October 29, 2012, Plaintiff filed a Complaint against Defendants in Maricopa County Superior Court. (Doc. 1-1 at 5). In her Complaint, Plaintiff alleges "No equal consideration and lawful holder of both the note and mortgage that involves and affects title to real property" located at 1725 East Verde Lane, Phoenix Arizona 85016 (the "Property"). (*Id.* at 6). Plaintiff further alleges that "Defendant" has failed to respond to any letters in reference to the Property. (*Id.*). Plaintiff further alleges that "MERS doesn't have standing to do anything [and] MERS could not assign the note because it never held it." (*Id.* at 7). Plaintiff further alleges that an unspecified contract is "null and void 'ultra

vires' due to the fact that bank [sic] lent its credit to Lucky G. NG on behalf of above described property, with no lawful authority to do so," and that the debt was settled lawfully.  (*Id.*).  As a result of the foregoing allegations, Plaintiff seeks "Property Title, release of lien, damages, overages and interest in overages." (*Id.* at 8).

Although there are several attachments to the Complaint, the Complaint itself contains no other facts.

Defendants now move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8.  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level.  *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).  A complaint that offers nothing more than blanket assertions will not suffice.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face."  *Id.*  Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  Plausibility does not equal "probability," but plausibility requires more than

a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557). Because Plaintiff is proceeding *pro se,* the Court must construe her Complaint liberally, even when evaluating it under the *Iqbal* standard. *Johnson v. Lucent Technologies Inc.,* 653 F.3d 1000, 1011 (9th Cir. 2011). However, "[s]omething labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996). "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *Id.* at 1179.

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in a complaint in the light most favorable to the drafter of the complaint, and the Court must accept all well-pleaded factual allegations as true. *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation, *Papasan,* 478 U.S. at 286, or an allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz,* 234 F.3d at 435.

### III. ANALYSIS

#### A. Plaintiff's Motion to Amend

On December 14, 2012, Plaintiff filed a Motion to Amend her Complaint. In her Motion to Amend, Plaintiff requests leave to amend to "join an additional Defendant." (Doc. 10 at 1). Although it is not entirely clear, it appears that Plaintiff seeks leave to amend to add Quality Loan Service Corporation as a Defendant in this case. Defendant Capital One opposes the motion as unnecessary because Quality Loan Service Corporation was named a Defendant in the original complaint. Indeed, on January 14, 2013, Quality Loan Service Corporation filed a Motion to Dismiss the Complaint. Accordingly, Plaintiff's Motion to Amend her Complaint to add Quality Loan Service

Corporation as a Defendant in this case is denied as moot.

### B.     Defendant's Motion to Strike

Defendant Capital One moves to strike Plaintiff's "Opposition to Defendants' 2nd Motion to Dismiss," which appears to be an attempt to file an unauthorized sur-reply. Such replies are not permitted under the Federal Rules of Civil Procedure or the Court's local rules. In light of Plaintiff's pro se status, the Court will nonetheless consider the additional material in the sur-reply as discussed below. Accordingly, Defendant Capital One's Motion to Strike is denied.

### C.     Defendant Capital One's Motion to Dismiss

Defendant Capital One identifies two principal allegations in Plaintiff's Motion to Dismiss, namely (1) that Defendant failed to tender consideration to support the Note, and therefore, the Deed of Trust is null and void and (2) that Plaintiff submitted an alleged Electronic Funds Transfer to Defendant and the debt was paid. Defendant Capital One argues that these claims fail as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) and are not pled with sufficient factual matter, which states a claim that is plausible on its face as required by Federal Rule of Civil Procedure 8(a).

On August 20, 2005, non-party Lucky NG[1] obtained a loan from lender Chevy Chase Bank, F.S.B. in the amount of $182,000. (Doc. 7-1 at 2).[2] The Note was secured

---

[1]     In her Response to Defendant Quality Loan Corporation's Motion to Dismiss, Plaintiff states that Plaintiff and Lucky NG are "lawful owners" of the Property. (Doc. 25 at 1).

[2]     Plaintiff has incorporated the Note and Deed of Trust by reference into the Complaint. *See Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir. 2010) ("On a motion to dismiss, [courts] may consider materials incorporated into the complaint or matters of public record. . . . We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.") (internal citations omitted).

- 4 -

by a Deed of Trust encumbering the Property. (Doc. 7-1 at 10). The Deed of Trust was later assigned to Capital One, N.A. and Quality Loan Service Corporation was substituted as the trustee. (Doc. 7-1 at 26, 29). On July 25, 2012, Quality Loan Service Corporation noticed a Trustee's Sale of the Property to take place on October 20, 2012 at 10:00 a.m. (Doc. 7-1 at 32).

Defendant Capital One argues that Plaintiff has failed to plead any facts that support her conclusions that Defendant failed to tender consideration to support the Note or that the $182,000 that Lucky NG received was not consideration. Defendant Capital One further argues that Plaintiff's allegation that she sent an electronic funds transfer to Defendant is insufficiently pled because Plaintiff does not make any allegations that an electronic funds transfer was actually delivered to, accepted and/or processed by Defendant and, thus, Plaintiff has failed to raise any claim relating to such transfer above the speculative level.

In Response, Plaintiff argues that "the Defendant has failed to provide the court with the document which would grant it standing to pursue a foreclosure in this court," including a "Certificate with this Court's Seal on its acknowledging its standing to foreclose in this arena," "Minutes and terms of the parties' face-to-face interview which would have taken place in late May or Early June," and "evidence of compliance of the National Housing Act." (Doc. 8 at 3-4). Plaintiff then cites to several statutes that she alleges Defendants have violated without explaining how Defendants have violated those statutes. (*Id.* at 4).

In Reply, Defendant Capital One argues that Plaintiff failed to respond to Defendant's arguments regarding the allegations contained in the Complaint and improperly included new allegations that were not in the original Complaint in response to the Motion to Dismiss. Defendant requests that the Court strike the new allegations in the Response, but argues that, even if the Court does not strike the new allegations, the new allegations likewise do not state a claim upon which relief can be granted.

The Court agrees that Plaintiff has failed to state a claim upon which relief can be

granted in her Complaint.  In her Complaint, Plaintiff does not identify her legal theories.  Although Plaintiff makes some reference to a contract being "null and void," Plaintiff does not identify the contract or explain why it is null and void.  Likewise, Plaintiff has not pled sufficient facts about any contract and the consideration for any such contract for the Court to conclude, that if Plaintiff's allegations were true, she has stated a claim upon which relief can be granted.

Further, in Response to Defendant's Motion to Dismiss, Plaintiff repeatedly argues that Defendant is required to establish that it has standing to foreclose on the Property.[3]  Plaintiff appears to confuse judicial foreclosures with the power of sale to conduct a non-judicial foreclosure granted to trustees under Arizona's Deed of Trust statutes.  *See* Ariz. Rev. Stat. § 33-807.  Further, Plaintiff has failed to provide any legal support for her contention that Defendant is required to provide her with certain documentation.  To the extent Plaintiff is attempting to allege that Defendant is required to "show the note" before commencing a non-judicial foreclosure, that argument has been rejected by the Arizona Supreme Court.  *See Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781, 783 (Ariz. 2012) ("the deed of trust statutes impose no obligation on the beneficiary to "show the note" before the trustee conducts a non-judicial foreclosure.").

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Capital One in her Complaint and Capital One's Motion to Dismiss is granted.

---

[3] The Court has not considered the allegations first raised in the Response to Defendant's Motion to Dismiss in deciding whether Plaintiff has stated a claim upon which relief can be granted in her Complaint.  However, as discussed more fully below, the Court has considered those arguments in determining whether Plaintiff is entitled to leave to amend.  Accordingly, Defendant's Motion to Strike the new allegations is denied.  Likewise, in her sur-reply to Defendant Capital One's Motion to Dismiss, Plaintiff has failed to address any of the allegations made in her Complaint, but rather, makes new allegations against Defendants.  The Court will likewise address any arguments made in Plaintiff's sur-reply in determining whether Plaintiff is entitled to leave to amend.

### D. Defendant Quality Loan Service's Motion to Dismiss

Defendant Quality Loan Service Corporation ("Quality") moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is "nonsensical," does not allege any breach of the trustee's duties pursuant to Arizona Revised Statutes section 33-801, et seq., and, aside from the caption, Defendant Quality is not specifically mentioned in any of the allegations in the Complaint. (Doc. 20). Defendant Quality requests attorneys' fees pursuant to Arizona Revised Statutes section 33-807(E) because the complaint fails to allege any breach of the trustee's duties.

In Response, Plaintiff does not address Quality's Motion to Dismiss, but rather asserts new allegations against Quality. The Court will only consider these new allegations in determining whether Plaintiff is entitled to leave to amend. Because Plaintiff has not included any allegations in her Complaint specifically against Quality, Plaintiff has failed to state a claim upon which relief can be granted against Quality in her Complaint and, thus, Quality's Motion to Dismiss is granted. Defendant Quality's Motion for Attorney Fees is denied without prejudice to Quality filing a Motion for Attorneys' Fees pursuant to LRCiv 54.2.

### IV. LEAVE TO AMEND

Under previous Ninth Circuit Court of Appeals precedent, the court would *sua sponte* grant leave to amend when granting a motion to dismiss, unless a pleading could not be cured by the allegation of other facts. *See Lacey v. Maricopa County,* 693 F.3d 896, 927 (9th Cir.2012) (citing *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995). However, this precedent has been called into question by the Court of Appeals, in light of the recent changes to the Federal Rule of Civil Procedure 15, which now allows parties twenty-one days from responsive pleadings and motions to dismiss to amend as of right. *See id.* In this case, Plaintiff did not amend her complaint within twenty-one days of either motion to dismiss as allowed by Federal Rule of Civil Procedure 15. Further, although Plaintiff generally request leave to amend if "the Court determines Plaintiff has failed to state a claim," Plaintiff has failed to comply with LRCiv 15.1 in requesting leave

- 7 -

to amend.

Nonetheless, when a plaintiff requests leave to amend, the Court must consider the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended her complaint. *Western Shoshone Nat. Council v. Molini,* 951 F.2d 200, 204 (9th Cir. 1991).

In this case, granting leave to amend the complaint would be futile. In Response to Defendants' Motions to Dismiss, Plaintiff has included numerous new allegations against all Defendants. As with her original complaint, Plaintiff has failed to state a claim upon which relief can be granted against Defendants in any of the new allegations. Specifically, in her sur-reply to Defendant Capital One's Motion to Dismiss, Plaintiff alleges that Defendant Capital One has violated the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Consumer Collection Practices Act. Plaintiff alleges that "Defendants have violated such laws by repeated harassing Plaintiff in attempts to foreclose on an alleged loan but cannot bring forth evidence of the loan." Plaintiff's only factual allegation relating to any of these claims is her allegation that "Defendants never complies [sic] with Plaintiff's demands for validation of the alleged debt they were attempting to collect yet continued their foreclosure and collection activities." (Doc. 14 at 6). These claims are premised on Plaintiff's argument that Defendant is required to show the note at Plaintiff's request. As described above, Defendant is not required to show the note before commencing a non-judicial foreclosure under Arizona law. Plaintiff has pled no other facts that state a claim upon which relief can be granted against Defendant Capital One under the statutes that she cited.

Likewise, in Response to Quality's Motion to Dismiss, Plaintiff includes generalized allegations against Defendant Quality without identifying the basis for her claims in this case. For instance, Plaintiff alleges that Quality engaged in "numerous unfair acts and practices," such as failing to "conduct foreclosures as a neutral third party." However, Plaintiff fails to plead any specific facts supporting these conclusory allegations.

Accordingly, the Court finds that granting Plaintiff leave to amend would be futile.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Amend/Correct (Doc. 10) is denied as moot.

**IT IS FURTHER ORDERED** that Defendant Capital One National Association's Motion to Strike Plaintiff's Sur-Reply (Doc. 19) is denied.

**IT IS FURTHER ORDERED** that Defendant Capital One National Association's Motion to Dismiss (Doc. 7) is granted.

**IT IS FURTHER ORDERED** that Defendant Quality Loan Service Corporation's Motion to Dismiss (Doc. 20) is granted.

**IT IS FURTHER ORDERED** that Defendant Quality's Motion for Attorney Fees (Doc. 20) is denied without prejudice to Quality filing a Motion for Attorneys' Fees pursuant to LRCiv 54.2.

The Clerk of the Court shall enter judgment for Defendants accordingly.

Dated this 18th day of March, 2013.

James A. Teilborg
Senior United States District Judge