WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeanette Andasola,<br><br>             Plaintiff,<br><br>v.<br><br>Capital One Bank NA; and Quality Loan Service Corporation,<br><br>             Defendants. | No. CV 12-02467-PHX-JAT<br><br>**ORDER** |

      Pending before the Court are: (1) Plaintiff's Motion for Reconsideration (Doc. 31); (2) Plaintiff's Motion for Reconsideration (Doc. 32); and (3) Defendant's Motion for Judicial Notice that No Response is Required for a Motion for Reconsideration or In the Alternative Defendant's Motion to Strike (Doc. 33).   The Court now rules on the Motions.

      On March 19, 2013, the Court granted Defendants' Motions to Dismiss Plaintiff's Complaint. (Doc. 27).  Plaintiff now moves for reconsideration of that Order.  Plaintiff does not specify the authority that entitles her to reconsideration.  The local rules provide for motions for reconsideration for interlocutory orders.  The Court is aware of no rule allowing for reconsideration of a final judgment.  Rather, a motion seeking relief from judgment or to alter or amend a judgment may be brought pursuant to Federal Rules of Civil Procedure 60 or 59(e) respectively.

      Rule 59(e) governs motions filed within 28 days of entry of judgment.  Fed. R.

Civ. P. 59(e). "A Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

Both of Plaintiff's motions for reconsideration were filed on May 17, 2013, more than 28 days after judgment entered on March 19, 2013. Accordingly, to the extent Plaintiff intended to move pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff's motions for reconsideration are denied as untimely. Alternatively, Plaintiff has failed to demonstrate that she is entitled to relief pursuant to Rule 59(e) and her motions for reconsideration are denied to the extent Plaintiff sought relief pursuant to Rule 59(e).

Because Plaintiff's motions for reconsideration were filed more than 28 days after the judgment, the Court will consider them under Rule 60(b). Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) a void judgment; (5) a satisfied, released or discharged judgment, or (6) "extraordinary circumstances" which would justify relief. Fed. R. Civ. P. 60(b); *see Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (internal citation omitted).

In her Motions for Reconsideration, Plaintiff has failed to demonstrate that she is entitled to relief pursuant to Federal Rule of Civil Procedure 60(b). Accordingly, Plaintiff's Motions for Reconsideration are denied.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 31) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 32) is denied.

**IT IS FINALLY ORDERED** that Defendant's Motion for Judicial Notice that No Response is Required for a Motion for Reconsideration or In the Alternative

Defendant's Motion to Strike (Doc. 33) is denied as moot.

Dated this 5th day of September, 2013.

_____
James A. Teilborg
Senior United States District Judge